UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT HULVEY,

        Plaintiff,                Case No. 2:09-cv-3

v.                                          Honorable R. Allan Edgar

TODD MENARD et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is presently incarcerated at the Oaks Correctional Facility (ECF), but he complains of events that occurred while he was housed at the Chippewa Correctional Facility (URF). On October 14, 2008, during a search of Plaintiff's cell, his typewriter was confiscated based upon the officer's claim that the typewriter was altered and, therefore, contraband. Plaintiff received a notice of intent to conduct an administrative hearing. When a hearing had not been held by mid-November, Plaintiff filed a grievance. An assistant unit manager, Todd Menard, responded to the grievance, stating that another inmate had presented documentation showing that the typewriter was his. On December 3, 2008, after being transferred to ECF, Plaintiff received an administrative hearing. The hearing officer reviewed an memorandum from URF stating that the typewriter did not belong to Plaintiff and had been returned to its rightful owner by Todd Menard. The hearing officer concluded that because he had not been provided with any evidence establishing that the typewriter did not belong to Plaintiff, the typewriter should be returned to Plaintiff, after which a proper hearing should be held to determine ownership. (*See* Plaintiff's ex. 1, p.5). The typewriter has not been returned to Plaintiff, nor has he received a second hearing.

Plaintiff brings this action against URF Assistant Resident Unit Managers Todd Menard and T. Swift. For relief, he seeks monetary damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Pursuant to the Fourteenth Amendment's Due Process Clause, no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. A prisoner asserting a due process violation with regard to the deprivation of personal property must demonstrate either (1) that his loss resulted from an established unconstitutional state procedure, or (2) that a "random and unauthorized" act caused his deprivation, and that no state remedies are available to compensate him for his loss. *See Hudson v. Palmer*, 468

U.S. 517, 533 (1984); *Warren* v. *City of Athens, Ohio*, 411 F.3d 697, 709-710 (6th Cir. 2005). Because Plaintiff is not complaining of an established prison policy condoning the unconstitutional deprivation of prisoners' property, he must satisfy the second test. Plaintiff must both plead and prove that state remedies for redressing the alleged wrongful deprivation are inadequate. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999).

      Plaintiff does not allege that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. A prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr. Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419. Michigan law also provides for a civil action to recover possession of, or damages for, property unlawfully taken or detained. MICH. COMP. LAWS § 600.2920. In addition, Michigan law authorizes actions in the Court of Claims to recover for alleged unjustifiable acts of state officials. MICH. COMP. LAWS § 600.6401. The Sixth Circuit Court of Appeals has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). Because Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his typewriter, he has failed to state a claim that entitles him to relief under § 1983.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: 2/10/09                          /s/ R. Allan Edgar
                                        R. Allan Edgar
                                        U.S. District Judge